IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARTIN LEE KENNEDY #1474898 § | |
| § | |
| V. § | A-12-CV-027-SS |
| § | |
| KENT ANSCHUTZ, LESLIE § | |
| WOLFF, BRENDA P. KENNEDY, § | |
| JAMES YOUNG, § | |
| ANN McMURRY, WALTER § | |
| C. PRENTICE, and AUSTIN AMERICAN § | |
| STATESMAN § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. He alleges the defendants intentionally and knowingly participated in a conspiracy to kidnap and to deprive Plaintiff of his equal protection and due process rights to a fair trial as guaranteed by the constitution because they staged a mock bail jumping trial against him. He contends the defendants

forged all necessary trial documents to stage the illegal trial and his 25-year sentence. He further contends the defendants conspired with the Austin American Statesman to print a story about the illegal bail jumping conviction on October 29, 1986. He seeks $100 million in punitive and compensatory damages.

Plaintiff filed a nearly identical civil rights complaint on March 13, 2007. The Court dismissed the complaint as frivolous on April 23, 2007. See Cause No. A-07-CV-195-SS. In that case, he accused Defendants Anschutz and Wolff of staging a 25-year conviction against Plaintiff by forging state and government documents. He contended his appellate counsel, Walter C. Prentice, conspired with Anschutz and Wolff by filing an Anders[1] brief even though his appeal had merit. Plaintiff accused Defendant McMurry, a Travis County District Clerk's Office employee, of perjuring herself at his bail jumping trial when she stated she recalled Plaintiff's "name call on docket call because it was her sister's B-day." Plaintiff also alleged Judge Brenda P. Kennedy used her official position to help the prosecution obtain a conviction. Finally, he claimed the Austin American Statesman defamed his character by printing an article in the paper regarding the tainted bail jumping conviction in which he was sentenced to 25 years. Plaintiff sought $30 million in punitive damages, $30 million for mental anguish, $30 million for civil rights violations and $320,000 for lost wages.

DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

---

[1] Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir.1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989). After consideration of Plaintiff's complaint, it should be dismissed as frivolous.

The issues in this case have already been addressed by the Court and dismissed as frivolous in Cause No. A-07-CV-195-SS. As explained in Cause No. A-07-CV-195-SS, the prosecutors from the Travis County District Attorney's Office are protected by prosecutorial immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993); Burns v. Reed, 500 U.S. 478, 487-92, 111 S. Ct. 1934, 1940-42 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31, 96 C. Ct. 984, 993 (1976). Plaintiff's criminal defense attorneys and the Austin American Statesman are not state actors, and Plaintiff's conspiracy claims against them are conclusory. Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980). Defendant McMurry, a witness in Plaintiff's criminal trial, is protected by absolute immunity. Briscoe v. LaHue, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115 (1983). Finally, Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). The only change Plaintiff has made to his new lawsuit is the addition of one more

attorney, James Young, and the court reporter, Linda Avitt. As explained above, if Young is a prosecutor, he too is protected by prosecutorial immunity, or if Young represented Plaintiff in his criminal case, he is not a state actor. Avitt, the court reporter, is protected by qualified immunity, as Plaintiff has not alleged a valid constitutional violation against her. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Finally, Plaintiff's claims continue to be barred by <u>Heck</u>.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued

good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE